Edward John O'Hara, Petitioner *v.* Workmen's Compensation Appeal Board (Western Pennsylvania Hospital), Respondents.

Submitted on briefs May 12, 1983, to Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*Alexander J. Pentecost,* for petitioner.

*Stuart W. Benson, III,* for respondent, Western Pennsylvania Hospital.

OPINION BY JUDGE CRAIG, September 19, 1983:

Edward J. O'Hara, a maintenance worker for Western Pennsylvania Hospital, appeals from an order by the Workmen's Compensation Appeal Board reversing a referee's award of temporary total disability benefits to the claimant. We must decide if the claimant's evidence in support of the referee's finding of causation is competent, *i.e.*, supported by unequivocal medical testimony.

On May 23, 1977, Mr. O'Hara, while lifting ice in the hospital coffee shop, felt a sharp pain in his groin; two days later, a board certified surgeon, Dr. Fred Berkowitz, examined the claimant and, noting a surgical scar, diagnosed the injury as the probable recurrence of a right inguinal hernia.

Based upon a hypothetical question describing the circumstances of Mr. O'Hara's injury, Dr. Berkowitz testified that "the lifting of the heavy objects might well have been a contributing factor" to the recurrence of the claimant's hernia. Although counsel for Mr. O'Hara then succeeded in eliciting a statement that the injury suffered was a contributing factor,[1] on cross-examination, Dr. Berkowitz substantially reaffirmed his initial testimony.[2]

---

[1] Dr. Berkowitz testified:

Q. Doctor, you do feel—You put the words very well in which for legal purposes it isn't very good; is it fair to say that your opinion is that based on that history it is the contributing factor within a reasonable degree of medical certainty without the very well in it?

A. Yes.

[2] On cross-examination, Dr. Berkowitz testified:

Q. Doctor, I note that you refer to recurrent hernia and when Mr. Pentecost asked you the question, to assume a history of lifting something, you felt that a lifting could contribute to the hernia?

A. Yes.

On the basis of Dr. Berkowitz' testimony, the referee found that Mr. O'Hara suffered a compensable injury in the course of his employment. We disagree.

In *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board*, 77 Pa. Commonwealth Ct. 202, 465 A.2d 132 (1983), we recently reviewed the unequivocal medical testimony standard and reiterated the position that, where disability is not clearly the result of a work injury, expert medical testimony must establish that the claimant's condition, in the expert's professional opinion, did come from the work experience and that, for purposes of establishing causation, it is insufficient for the medical witness to testify that the claimant's condition might have been or probably was the result of the claimant's work.

Here, Dr. Berkowitz initially testified, and later reaffirmed his position on cross-examination, that the lifting of heavy objects might have or could have contributed to the recurrence of Mr. O'Hara's right inguinal hernia. Because Dr. Berkowitz' testimony is, at best, contradictory on the point of causation,[3] we affirm the order of the board.

---

Q. I notice that you didn't say that it would have caused the hernia?

A. That is correct.

. . . .

Q. Well, assuming then what Mr. Pentecost told you, which is not yet of record, but assuming that as true, is what you are telling us that you think that the lifting could have contributed but don't necessarily have an opinion that it actually caused his hernia to develop on this date?

A. That is exactly correct.

[3] *Cf. Philadelphia College of Osteopathic Medicine* at 206-7, 465 A.2d at 135 (medical witness may admit to uncertainty, reservation, doubt, or lack of information concerning medical details, but may not recant opinion or belief first expressed).

## ORDER

Now, September 19, 1983, we affirm the order of the Workmen's Compensation Appeal Board, No. A-80673, entered December 24, 1981, denying benefits to Edward John O'Hara.